UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACY ELKIN, )<br>)<br>Plaintiff, )<br>)<br>v.          )<br>)<br>BUTLER UNIVERSITY, )<br>)<br>Defendants. ) | CAUSE NO. 1:14-CV-718 |

## COMPLAINT

COMES NOW Plaintiff, by counsel, and alleges against the Defendant as follows:

1. The Plaintiff is Stacy Elkin, a resident of Marion County, Indianapolis, Indiana at all material times to this Complaint.

2. The Defendant is Butler University, a company doing business at 4600 Sunset Avenue, Indianapolis, Indiana 46208. At all material times to this Complaint, the Defendant was an "employer" for the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1211 *et seq.* as amended ("ADA"), and the Family Medical Leave Act of 1993, 29 U.S.C.§ 2601 *et seq.* ("FMLA").

3. The Plaintiff filed a Charge of Discrimination on April 24, 2013, EEOC No. 470-2013-01911, a copy of which is attached hereto, incorporated herein, and made apart hereof as Exhibit "A". The EEOC issued its dismissal and Notice of Rights/Notice of Suit Rights on February 7, 2014, a copy of which is attached hereto and made apart hereof as Exhibit "B". All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. The Plaintiff was a long-term and loyal employee of the Defendant's working for the

Defendant from August 2005 until her wrongful termination on or about June 28, 2012. She held the position of Senior Secretary at the time of separation from employment, and had performed at or above the reasonable expectations of the Defendant during her employment.

5. During the Plaintiff's employment by the Defendant, she suffered from a medical condition that constituted a "serious health condition" for the purposes of the FMLA, and a "disability" for the purposes of the ADA (inflammatory bowel disease). The Plaintiff's serious health condition/disability interfered with her major life activities of elimination of body waste.

6. The Plaintiff's serious health condition/disability involved flare ups of severe bowel symptoms that the Plaintiff had to attend to when she got up in the morning, prior to going into work.   Due to the need to attend to these symptoms, the Plaintiff at times encountered unavoidable delays in her arrival to work, and also missed time from work.  Around January of 2012, the Plaintiff notified her supervisor of her disability, and she be given the reasonable accommodation of flexibility on her work schedule. The Plaintiff's request for the reasonable accommodation was denied.

7. Even though the Plaintiff alerted the Defendant of her disability which was also a serious health condition, and the Defendant therefore knew the Plaintiff had a medical condition for which she was entitled to receive benefits under the FMLA, the Defendant never offered her FMLA to attend to the condition, and nor did they inform the Plaintiff she was entitled to utilize FMLA for her serious health condition.

8. The Plaintiff was repeatedly penalized for attendance and punctuality issues that were

caused by her serious medical condition/disability, and the Defendant's failure to grant her requested reasonable accommodation, or FMLA leave.

9. The Plaintiff was terminated on or about June 28, 2012, for the proffered reason of attendance and punctuality issues.

10. The Plaintiff contends that the proffered reason for termination was false and pretextual, and that in reality she was discriminated against, denied reasonable accommodations, and retaliated against on the basis of her disability, and/or request for reasonable accommodations, in violation of her federally protected rights under the ADA.

11. The Plaintiff also contends that she was discriminated against, and retaliated against for asserting her rights to FMLA, and that the Defendant interfered with her rights to FMLA benefits that she was entitled to receive, by failing to grant her benefits she was entitled to (such as necessary time off part of her work day), although the Defendant knew Plaintiff suffered from an FMLA qualifying condition – Defendant's actions being in violation of Plaintiff's federally protected rights under the FMLA.

12. The Defendant's unlawful, discriminatory, and retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job-related benefits, including income, and subjected the Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

13. The Defendant's unlawful, discriminatory, and retaliatory conduct furthermore, was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA, and FMLA, entitling the Plaintiff to punitive damages (where available), and liquidated damages (where available).

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant for compensatory damages, punitive damages (where available), and liquidated damages (where available).

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant for compensatory damages, punitive damages (where available), liquidated damages (where available), reasonable attorney's fees and costs, and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Ilene M. Smith
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:      cmyers@myers-law.com
             ismith@myers-law.com
Attorneys for Plaintiff

IMS/nlo